Richard M. Garbarini (RG 5496)
GARBARINI FITZGERALD P.C.

250 Park Avenue, 7th Floor
New York, New York 10177
Telephone: (212)300-5358
Facsimile: (347) 218-9478

*Attorneys for Plaintiff*

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------x

YESH MUSIC, LLC,

                Plaintiff,

      v.

FIRST PRIORITY OF AMERICA,

                Defendants,

------------------------------------------------------------- x

Index No.: 17-cv-4934

ECF CASE

**FIRST AMENDED COMPLAINT AND JURY DEMAND FOR DAMAGES FOR COPYRIGHT INFRINGEMENT**

Plaintiff YESH MUSIC, LLC, by and through its attorneys at GARBARINI FITZGERALD P.C., bring this First Amended Complaint and Jury Demand against defendant FIRST PRIORITY OF AMERICA Based on ITS intentional infringement of plaintiff's copyrighted musical work "*Twelve Days Awake*" U.S. Copyright Registration SR 708-514 (the "Copyrighted Composition"), pursuant to the Copyright Act and Copyright Revisions Act, 17 U.S.C. §§ 101 et seq. (the "Copyright Act" or "Act").

## PARTIES

1.    At all times material hereto, plaintiff Yesh Music, LLC ("YESH") was, and is, a limited liability company organized under the laws of the State of New York, with its principal offices located at 75-10 197th Street, Flushing, New York. YESH is engaged in the business of music publishing and otherwise commercially exploiting its copyrighted sound compositions

which originate from the band *The American Dollar*. The sole members of plaintiff are Richard Cupolo and John Emanuele; the artists in *The American Dollar*.

2. A copy of the certificate issued by the U.S. Copyright Office to plaintiff for "*Twelve Days Awake*", and the assignment of same which was also registered with the U.S. Copyright Office, are annexed and incorporated hereto as **Exhibit 1.**

3. Plaintiff is informed and believes, and on that basis avers, defendant FIRST PRIORITY OF AMERICA is located at 115 Penn Warren Dr #300-205, Brentwood, TN 37027.

## JURISDICTION

4. The jurisdiction of this Court is based upon 28 U.S.C. §§ 1331 and 1338 in that this controversy arises under the Copyright Act and Copyright Revision Act of 1976 (17 U.S.C. § 101 et seq.). This action is a civil action over which this court has original jurisdiction.

### Personal Jurisdiction - CPLR § 302(a)(1)

5. This Court has personal jurisdiction pursuant to CPLR § 302(a)(1).

6. Upon information and belief, defendant regularly solicit business from this Judicial District.

7. Upon information and belief, defendant contracts with New York on a regular basis.

8. Being that defendant solicits and transacts business within the state, this Court has jurisdiction pursuant to CPLR § 302 (a)(1).

### This Court Has Jurisdiction Pursuant to CPLR § 302(a)(3)

9. CPLR § 302 (a)(3) authorizes this Court to exercise jurisdiction over nondomiciliaries who commit a tortious act without the state causing injury to person or property within the state, except as to a cause of action for defamation of character arising from the act, if

it: (i) regularly does or solicits business, or engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed or services rendered, in the state, or (ii) expects or should reasonably expect the act to have consequences in the state and derives substantial revenue from interstate or international commerce.

10. Defendant synchronized, and reproduced in an advertisement plaintiff's copyrighted Composition *Twelve Days Awake*" (the "Subject Advertisement"). Defendant distributed the Subject Advertisement through YouTube and possibly other Internet channels. This is a tort (copyright infringement) committed within the state.

11. The copyright owner resides in this Queens, NY, and the injury was felt in that Judicial District. Defendant regularly does or solicits business, or engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed or services rendered, in the state.

12. Jurisdiction is conferred via CPLR § 302(a)(3).

**Jurisdiction is conferred pursuant to CPLR 302(a)(3) subsection (i).**

13. YouTube placed plaintiff's name on at least one of the Subject Advertisement, and defendant expected, or should have reasonably expected, their acts to have consequences in New York State.

14. Defendant was expressly told there was no license for any use on July 18, 2016, via a "Cease and Desist" notice sent from plaintiff sent via email. Defendant responded that there was no video on July 19, 2019.

15. Defendant was expressly told there was no license for any use on July 27, 2017, via a "Cease and Desist" notice sent from plaintiff's counsel by email and first class mail. Defendant refused to respond, and continued to synchronize and distribute plaintiff's Copyrighted Composition without a license.

16. It cannot be disputed that defendant committed an intentional tort which it knew would have consequences in this Judicial District.

17. Jurisdiction is conferred pursuant to CPLR 302(a)(3) subsection (ii).

## VENUE

18. Venue in this District is proper under 28 U.S.C. § 1391(b) and (c) and/or 28 U.S.C. § 1400(a).

19. Plaintiff has the right to bring the within action pursuant to 17 U.S.C. § 501(b).

20. Plaintiff's copyrighted Composition was registered prior to the alleged infringement, and satisfies the registration prerequisite under 17 U.S.C. 412(c).

## FACTS

21. Defendant synchronized and distributed plaintiff's Copyrighted Composition "*Twelve Days Awake*" in an advertisement.

22. Defendant failed to include an attribution in the Subject Advertisement.

23. The Subject Advertisement can be found at https://www.youtube.com/watch?v=p0REL72T1Lo.

24. Plaintiff's Copyrighted Composition runs the length of each of the above Subject Advertisement.

25. Defendants had no license or permission for any use.

26. Plaintiff discovered the infringement in July 2016, and immediately notified defendants, via an email "Cease and Desist" dated July 18, 2016. See **Exhibit 2**.

27. Defendants elected to ignore the Cease and Desist and continued to infringe.

28. Defendant, in fact, claimed there was no advertisement.

29. Plaintiff's counsel sent a Cease and Desist dated July 27, 2017, which defendant also elected to ignore. See **Exhibit 3**.

30. Defendant responded by making the Subject Advertisement private, but available if the user requests permission.

31. Defendant's refusal to comply not only necessitated the present action, it is clearly an intentional infringement pursuant to 17 U.S.C. § 504(c)(2).

## FIRST CLAIM FOR RELIEF
## COPYRIGHT INFRINGEMENT

32. Plaintiff incorporates the allegations contained in the preceding paragraphs as if set forth at length here.

33. Defendant has, without a synchronization license, synchronized plaintiff's copyrighted Compositions *"Twelve Days Awake"*, to at least one advertisement.

34. Defendant, without any license or authority, reproduced and distributed the Copyrighted Composition in the Subject Advertisement.

35. Defendants failed to attribute *The American Dollar* in the Subject Advertisement.

36. It cannot be disputed plaintiff has a valid, registered copyright, and that defendant has synchronized, reproduced, and distributed plaintiff's Copyrighted Composition without a license; thus infringing plaintiff's rights under the Copyright Act.

37. Irreparable injury is presumed here as plaintiff has established a prima facie case of copyright infringement.

38. Defendant was put on notice of the infringement by "Cease and Desist" sent by email one year before the date before this action was filed; yet they elected to continue to synchronize, reproduce, distribute, and publicly perform plaintiff's Copyrighted Composition.

39. Even after defendant was put on notice of the infringement by "Cease and Desist" sent through counsel one month before this action was filed; defendant still elected to continue to synchronize, reproduce, distribute, and publicly perform plaintiff's Copyrighted Composition.

40. The synchronization, reproduction, and/or distribution, of the Copyrighted Composition was clearly intentional within the meaning of 17 U.S.C. § 504(c)(2) for the

purposes of enhancing statutory damages.

41. Defendant's knowledge may be inferred from their conduct as well as their reckless disregard of plaintiff's rights (rather than actual knowledge of infringement), which suffices to warrant award of the enhanced damages.

42. As a direct and proximate result of defendants' infringement, plaintiff has incurred actual damages in the form of licensing fees.

43. Plaintiff may recover its actual damages, and defendants' profit, to be determined at trial. Plaintiff may also elect to recover statutory damages pursuant to 17 U.S.C. § 504(c)(2) for willful infringement of up to $150,000, but not less than $30,000.

44. Plaintiff also seeks its attorneys' fees and costs, as well as pre-post judgment interest.

## SECOND CLAIM FOR RELIEF
## VIOLATION OF DMCA OF 1998, AS AMENDED,
## 17 U.S.C. § 1201, et seq.

45. Plaintiff incorporates the allegations contained in the preceding paragraphs as if set forth at length here.

46. Section 1202 provides, in part: (a) no person shall knowingly and with the intent to induce, enable, facilitate or conceal infringement - (1) provide copyright information that is false, or (2) distribute or import for distribution copyright management information that is false. (b) No person shall, without the authority of the copyright owner or the law - (1) intentionally remove or alter any copyright management information, [or] (3) distribute . . . works [or] copies of works . . . knowing that copyright management information has been removed or altered without authority of the copyright owner or the law, knowing, or having reasonable grounds to know, that it will induce, enable, facilitate, or conceal an infringement of any right under this

title.  17 U.S.C. § 1202(a)-(b).

47. Copyright management information is defined as "information which identifies the work, the author of the work, the owner of any right in the work, or information about the terms and conditions of use of the work . . . which is attached to a copy of a work or appears in connection with communication of the work to the public." S.Rep. No. 105-190 (1988), note 18.

48. Defendant failed to include information which identified the Copyrighted Composition, the author of the Copyrighted Composition, the owner of any right in the Copyrighted Composition, or information about the terms and conditions of use of the Copyrighted Composition.

49. The defendant violated the DMCA each time it wrongfully distributed the Copyrighted Composition.

50. Defendant also violated section 1202 by, upon information and belief, abstracting the Copyrighted Composition, removing and/or altering the anti-circumvention software.

51. Defendant did the forgoing with the intent to conceal the infringements.

52. Plaintiff elects to recover an award of statutory damages for each violation of section 1202 in the sum of not less than $2,500, or more than $25,000.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully prays this Court enter an order awarding plaintiff:

1) restitution of defendant's unlawful proceeds, including defendants' gross profits;

2) compensatory damages to plaintiff in an amount to be ascertained at trial;

3) one statutory damage award infringed, including but not limited to all penalties authorized by the Copyright Act (17 U.S.C. §§ 504(c)(1), and 504(c)(2)) at plaintiff's election;

4) an award of statutory damages for each violation by defendants of the

        DMCA, 17 U.S.C. § 1202;

5)      plaintiff's reasonable attorneys' fees and costs (17 U.S.C. § 505);

6)      pre- and post-judgment interest to the extent allowable; and,

7)      such other and further relief that the Court may deem just and proper.

## JURY DEMAND

Plaintiff hereby demands a trial by jury of all issues so triable.

Dated: August 22, 2017

                                       **GARBARINI FITZGERALD P.C.**

                                       By: _/s/ Richard M. Garbarini_
                                           Richard M. Garbarini (RG 5496)
                                           250 Park Avenue, 7th Floor
                                           New York, New York 10177
                                           Telephone: (212) 300-5358
                                           Facsimile: (347) 218-9479